Griffith, J.
This cause comes before this court upon a motion, for a temporary injunction.
The plaintiffs are partners, engaged in selling vegetables, produce, chickens, and so forth, at retail, at their store on West Market street, in this city.
The defendant associations are two labor unions, or organizations, known as the Retail Clerk’s Association Union, and the Amalgamated Meat Cutters and Butchers Workmen of North America; both being affiliates of the American Federation of Labor.
The clerks and meat cutters of one-hundred and ten (110) stores, in the city of Warren, out of one-hundred and twelve (112) stores in said city, determined, during the past month, to close on Wednesday afternoons, during the months of June, July and August; so that said clerks and meat cutters could have those summer afternoons for recreation.
The clerks and meat cutters, in the various stores of the city of Warren, were organized into the unions about four (4) months ago. They made agreement with the employers, whereby, if all the retail food stores closed on Wednes *258 day afternoons, for the summer that the clerks and meat cutters could have this half-holiday without a reduction in pay. .
Representatives of the two union organizations called upon the plaintiffs and requested the plaintiffs to close their store on Wednesday afternoons, during June, July and August, of 1934; and the plaintiffs refused to comply with this request.
On Wednesday afternoon, June 13, 1934, the plaintiff’s store remained open, and, for the reason of the refusal of the plaintiffs to close their store, the defendants employed one Albert Beatty to patrol the sidewalk in front of the plaintiff’s place of business, bearing placards with this inscription: “This store is unfair to union labor.”
Plaintiffs claim this is a damage to their business; that it is done for the purpose of intimidating plaintiffs’ patrons, and injuring the plaintiffs in their business; and the plaintiffs ask for an injunction, restraining the defendants from further maintaining this picket in front of, or about their place of business.
The picket in this case merely walked back and forth, bearing the inscription above mentioned; which would in no wise obstruct the entrance to the store, nor did he make any comments to persons passing to and fro on the sidewalk.
The question to be determined by this court is whether the conduct of this picket, who was placed there by the defendant unions, is an invasion of any legal rights of the plaintiffs; and, if so, whether or not the court should intervene, to restrain said conduct.
Peaceable picketing has been held lawful in this state; but if the picketing is accompanied by physical violence, abuse, intimidation, or any form of coercion, or duress, direct or indirect, then it goes beyond the limitations of picketing, and is the proper subject matter for the intervention of the court. Peaceable persuasion and argument, by members of a labor organization, to divert patronage from a business institution, will not be enjoined as an unlawful boycott.
In the instant case, the plaintiffs had a legal right to reject the proposals of the agents or the representatives of *259 the unions, and had a right to hold their place open to receive the public, and sell produce, and chickens, and food to the public on Wednesday afternoon. The plaintiffs are not required to close their store, because the labor organizations have endorsed such a policy; nor are they required to close because the Chamber of Commerce has placed its stamp of approval upon the union’s policy; but here the plaintiffs’ rights end.
As stated by Judge Middleton, in the case of. Clark Lunch Company v. Waiters Local, found in 22 O. A. R., 265: plaintiffs had no vested claim to the patronage of people who were diverted from patronizing the plaintiffs’ store by reason of seeing, and reading this sign.
These unions, by reason of their arrangement with their employers, providing for the closing on Wednesday afternoons, and for the protection of heir business, who were clerks and meat cutters in said food stores, have a legal right, in a lawful way, to influence the patronage of their members, and of their friends, and relatives, and neighbors, in favor of themselves.
These unions favor Wednesday afternoon closing of grocery, and produce, and food stores in Warren; and it seems clear that the organizations have a right to use, for their benefit, and for the benefit of the members thereof, the patronage to various stores; and have a right to publish their approval, or disapproval of stores that are cooperating, or refusing to co-operate in their hours of labor, or hours of vacation.
This is a legitimate labor dispute, wherein the clerks and meat cutters organizations have gone on record, adopting this responsibility of closing on Wednesday afternoons. The plaintiffs having determined not to co-operate with the policy of the unions, but to operate their store, and hold the same open for business on Wednesday afternoons, have no right to expect the union organizations’ business and support ; nor have they any right to prevent a lawful publicity of their refusal in this matter,.
The methods adopted by the defendants in this case were without violence, without intimidation, or coercion, and there is not a scintilla of evidence to indicate that anyone was threatened, or coerced, or abused.
*260 The plantiffs had a right, and an opportunity to determine whether or not they wished to close on Wednesday afternoons, and they elected to remain open, and chose to reject the union’s plan; and for this reason the motion for a restraining order is denied.